UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KOLLEEN FLORES-KEMMERER, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| vs. | ) No. 1:20-cv-02519-JPH-MG |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) |
| | ) |
| | ) |
| *Defendant.* | ) |

**ORDER**

Plaintiff has filed a "Motion for Status and to Reinstate Order to Show Cause Against Trans Union." [Filing No. 57.] The Motion concerns a subpoena issued by Plaintiff to non-party Trans Union, LLC seeking both the production of documents and Fed. R. Civ. P. 30(b)(6) testimony. On January 14, 2022, this Court issued a Show Cause Order to Trans Union and scheduled a hearing for February 4, 2022, [Filing No. 50], but then vacated that order after learning that Trans Union had already filed a Motion to Quash the subpoena in the U.S. District Court for the Northern District of Illinois on January 6, 2022, [Filing No. 56]. *See Trans Union, LLC v. Flores-Kemmerer*, Case No. 1:22-cv-00093 (N.D. Ill.). Plaintiff's counsel did not learn of the Illinois case until January 18, 2022. Plaintiff's Motion asks this Court to do two things: (1) reinstate the Show Cause Order against Trans Union; and (2) set an expedited status conference "so that the parties and Trans Union can be afforded the opportunity to discuss this matter," namely Plaintiff's counsel's assertions that Trans Union's attorney misrepresented when and if he received notices regarding proceedings in this Court. [Filing No. 57 at 5.]

The subpoena is directed to Trans Union's registered agent in Springfield, Illinois and was served via certified mail to the agent's Illinois address. *See Trans Union, LLC v. Flores-Kemmerer*, Case No. 1:22-cv-00093 (N.D. Ill.) (Dkt. 2-1). Under Fed. R. Civ. P. 45(d)(3), the proper forum for a challenge to or enforcement of a subpoena is the district where compliance is required. Here, the subpoena instructed the documents to be produced at office of Plaintiff's counsel in Chicago, Illinois, and the Rule 30(b)(6) deposition was to take place "via video conference." *Id.* Although videoconference depositions have become more prevalent during the recent COVID-19 pandemic and are oftentimes more convenient for counsel and witnesses, absent agreement between the parties, a deposition may be conducted remotely only by court order. Fed. R. Civ. P. 30(b)(4). When a deposition takes place via videoconference, the deposition "takes place where the deponent answers the questions." *Id.*

Trans Union contends that for purposes of Fed. R. Civ. P. 45, it and its documents are located in the Northern District of Illinois and that is where compliance with the subpoena is to take place. [Filing No. 55 at 3.] The Northern District of Illinois court is considering both the merits of Trans Union's Motion to Quash and a request by Plaintiff to transfer the proceeding to this Court. *Trans Union, LLC v. Flores-Kemmerer*, Case No. 1:22-cv-00093 (N.D. Ill.) (Dkt. 11). Currently, the Court lacks authority to enforce a subpoena that is presently the subject of litigation in the Northern District of Illinois. *See Alliance Healthcare Servs., Inc. v. Argonaut Private Equity, LLC*, 804 F. Supp.2d 808, 812 (N.D. Ill. 2011) (finding that Illinois district court lacked authority to enforce a subpoena under Rule 45 that called for the production of documents and witness attendance in San Francisco); *Am. Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 502 (D. Kan. 2001) (holding that "Rule 45 specifically confers jurisdiction on the court issuing the subpoena and that court alone"). Therefore, this Court must defer to the Northern District of

Illinois regarding the enforcement of the subpoena.  Thus, the Court must decline Plaintiff's request to reinstate the Show Cause Order.  For the same reasons, the Court also declines Plaintiff's request for an expedited status conference to address issues underlying the Trans Union subpoena.

For the reasons discussed above, Plaintiff's Motion, [57], is **DENIED**.  The Court does, however, **STRIKE** the admonishment of Plaintiff's counsel from its prior Order, [56], in light of counsel's representation that he received delayed notice of Trans Union's Motion to Quash.  The Court further **ORDERS** Plaintiff to advise this Court of any decision from the Northern District of Illinois on the merits of Trans Union's Motion to Quash and Plaintiff's request to transfer.

Date: 3/2/2022

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:

Joshua C. Dickinson
SPENCER FANE LLP
jdickinson@spencerfane.com

William M. Huse
SCHUCKIT & ASSOCIATES P.C.
whuse@schuckitlaw.com

David M. Marco
SMITHMARCO, P.C.
dmarco@smithmarco.com

Michael S. Poncin
MOSS & BARNETT
mike.poncin@lawmoss.com

Larry Paul Smith
SMITHMARCO, P.C.
lsmith@smithmarco.com